IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                      CASE NO. 4:07-cr-00079-SPM -GRJ

EUGENE LARRY,

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 55, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and Doc. 63, the Government's motion to dismiss the § 2255 motion as time-barred. Defendant has filed a reply opposing the motion to dismiss, Doc. 64. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

## Background

The facts underlying Defendant's motion to vacate are summarized in the Government's motion to dismiss, and Defendant has adopted the Government's factual summary. *See* Doc. 64. Defendant was charged in a seven-count superseding indictment with conspiracy to distribute, to possess with intent to distribute, and to manufacture more than 50 grams of cocaine base and more than 500 grams of cocaine hydrochloride. He was also charged with five substantive counts of distribution of cocaine. Doc. 20. Count Seven of the superseding indictment charged the Defendant with possession of a firearm by a convicted felon with three prior drug convictions, in violation of 18 U.S.C. § 924(e). *Id*. The Government filed notice that it would seek enhanced penalties based upon Defendant's prior felony drug convictions. Doc. 28.

On April 18, 2008, Defendant pleaded guilty to Counts One, Two, Six, and Seven of the superseding indictment, pursuant to a plea agreement. Docs. 37, 39. On December 15, 2008, Defendant was sentenced to 120 months imprisonment; judgment was entered on January 5, 2009. Doc. 51. Defendant did not appeal. The instant motion to vacate was filed on August 24, 2010, when Defendant placed it in the prison mail system. Doc. 55. Defendant contends that his counsel rendered constitutionally ineffective assistance by failing to file a notice of appeal after Defendant instructed him to appeal his sentence. *Id*.

## One-Year Limitation Period

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Further, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

## Discussion

For purposes of the limitations period, Defendant's conviction became final when the 10-day period for filing an appeal elapsed on January 19, 2009. *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2009)(excluding intermediate Saturdays and Sundays from the calculation). Defendant concedes that his August 24, 2010, motion is therefore untimely under § 2255(f)(1). Defendant alleges that during the 18 months following sentencing, he was transferred among Bureau of Prison institutions from Tallahassee, to Talladega, to Forrest City. Doc. 55. Defendant alleges that he instructed his counsel to file an appeal, and that after his conviction "he attempted to contact Counsel by phone and email, but Counsel never accepted his calls, or emails. He wrote to Counsel and received no reply." He states that he "knew it usually took a year or two to hear back on an appeal so the passage of 18 months without hearing from Counsel did not seem that unusual." He contends that he did not discover until

June 2010, with the help of a prison legal assistant, that his counsel did not file an appeal, and that his motion to vacate is therefore timely under § 2255(f)(4) because it was filed within one year of the date "on which the facts supporting the claims presented could have been discovered through the exercise of due diligence." Doc. 55.

In reply to the Government's motion to dismiss, Defendant also argues that he is entitled to equitable tolling of the limitations period because his counsel "acknowledged" that he would file an appeal on Defendant's behalf. Doc. 64. He again asserts that he made "several attempts, by phone, email, and letter" to contact his counsel, but that his counsel ignored him. *Id*. Defendant contends that he "is not required to make repeated and futile attempts at contact," and that he "trusted his attorney and should not have to verify that his attorney is not lying to him." *Id*.

The one-year statute of limitations period under § 2255(f)(4) "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Thus, the "beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." *Aron*, 291 F.3d at 711. The timeliness inquiry under subsection (4) begins with "determining whether the petitioner exercised due diligence because . . . if he did so, the limitation period would not begin to run before the date he actually discovered the facts supporting the claim." *Id*. "It is only if [Defendant] did not exercise due diligence that [the Court is] required to speculate about the date on which the facts could have been discovered with the exercise of due diligence." *Id*. at 711 n.1.

In determining due diligence, subsection (4) does not require "the maximum

feasible diligence, but only 'due,' or reasonable, diligence." *Id*. at 712. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id*. The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" *Id*. (citation omitted).

Thus, the initial question in this case is not whether counsel was ineffective for failing to file an appeal but whether Defendant made "reasonable efforts" to determine if his attorney complied with his request. Although Defendant alleges, without providing any specific factual detail, that he made "several" attempts to contact counsel following sentencing, he makes no allegation that he made any effort to contact this Court or the Court of Appeals, either telephonically, in writing, or through a third party, to determine the status of his appeal. Neither Defendant's ignorance of legal matters nor his transfers within the Bureau of Prisons constitute sufficient justification for failing to take such affirmative steps in addition to his unsuccessful efforts to contact his counsel. Indeed, the absence of any response from counsel (as Defendant alleges) would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of his appeal. With one letter or telephone call to the Clerk of this Court or to the presiding district judge, Defendant could have secured a copy of the docket sheet in this case and immediately known that a notice of appeal had not been filed. The Court, therefore, concludes that Defendant's failure to make any attempt to contact the Court evinces a lack of due diligence.

The Court must now determine when Defendant, with the exercise of due diligence, could have discovered that the notice of appeal had not been filed. The one-

year statute of limitations will then run from that date. In this case, the question is whether, with the exercise of due diligence, Defendant could have discovered this information on or before August 24, 2009 (one year prior to the date the instant motion was filed). As noted, to be timely a notice of appeal should have been filed by January 19, 2009. From January 19, 2009, until August 24, 2009, 218 days elapsed. Defendant states that he was housed in three different BOP institutions in the 18 months following sentencing. Even if one or more transfers occurred in the 218-day period following sentencing, the Court concludes that a reasonably diligent prisoner in Defendant's position could have known that an appeal was not being prosecuted on his behalf at some point during that 218-day period. As the Court previously noted, even one telephone call or letter to the Clerk of Court would have resulted in the immediate mailing of a docket sheet to Defendant. The Court concludes that a reasonably diligent prisoner – even one who is ignorant of the law and is transferred to different BOP institutions – could have discovered counsel's failure well before August 24, 2009, so that the instant motion to vacate would have been timely.[1] Accordingly, the Court finds that the motion to vacate is not timely under § 2255(f)(4).

Defendant also asserts that he is entitled to equitable tolling of the limitations period. As the Court has previously noted, Defendant's prisoner status and the realities of incarceration are not extraordinary circumstances sufficient for the application of equitable tolling. Further, Defendant makes no allegation that he exercised due

---

[1] In strikingly similar circumstances, the Court has found that 62 days was sufficient time for a reasonably diligent prisoner to determine whether his attorney had filed a notice of appeal. *United States v. Thomas*, No. 4:01-cr-00069-SPM-AK, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007).

diligence by contacting the Court to determine the status of his appeal. Accordingly, Defendant has not met his burden of showing that he is entitled to the benefit of equitable tolling of the one-year limitations period. *See Sandvik*, 177 F.3d at 1271; *Wade*, 379 F.3d at 1265 .

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that the Government's motion to dismiss Defendant's motion to vacate as untimely, Doc. 63, be **GRANTED**.

**IN CHAMBERS**, at Gainesville, Florida, this 17th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**